(33 Misc. Rep. 438.)

BARNES et al. v. McGUIRE et al.

(Supreme Court, Special Term, Onondaga County. December, 1900.)

1. PLEADINGS — COMPLAINT — SEPARATE CAUSES OF ACTION—INJUNCTION—DAMAGES.

Laws 1892, c. 301, authorizes the taxpayers of any municipal corporation to maintain an action against all officers, agents, and persons acting, or who have acted, for the corporations, to prevent any illegal official act, or to prevent waste or injury to, or to restore and make good, any of its property or funds, and provides that, if the waste or injury complained of consisted in contracting, auditing, allowing, or paying any fraudulent, illegal, or unjust claim, the court might prohibit the collection or payment, and adjudge the defaulting official personally responsible therefor out of his property. The complaint alleged that a large amount of indebtedness was illegally incurred by some or all the defendants, the aldermen and mayor, of a city, and seeks to restrain the payment of the claims yet unpaid, and to hold the defendants personally liable for those that have been paid. *Held*, that but one cause of action was stated, since the action proceeds against a certain class of claims, and seeks the twofold relief which is appropriate, accordingly as those illegal claims have been paid or remain unpaid.

2. PLEADING—COMPLAINT—SEPARATE CAUSES OF ACTION.

A complaint by taxpayers alleged a cause of action against the defendants, the aldermen and mayor of a city, for contracting and allowing in

its name a large number of illegal claims, and sought to restrain the payment of such as had not been paid, and to hold such defendants personally liable for such as had been paid. It also alleged that the defendants, the corporation counsel, and board of estimate and apportionment, were making and approving agreements with the holders of some of the illegal claims, purporting to compromise them for a mere nominal reduction, and have them paid, and seeks to hold such defendants personally liable for such illegal debts as they have procured to be paid through the guise of a compromise. *Held*, that the claim based on procuring the illegal claims to be paid by the compromise agreements was a separate cause of action, and should be numbered and stated separately from the other cause of action.

**8. SAME.**

Where, in a complaint in an action under Laws 1892, c. 301, which authorizes the taxpayers of a city to maintain an action against its officers to prevent any illegal official act or waste of the city's funds, provisions of the city charter are referred to which provide remedies against the council for misappropriating money or illegally contracting debts, the complaint does not thereby set out twofold causes of action, as such references to the charter are proper for the purpose of convicting the defendants of illegal acts, to recover for which the action is brought.

**4. SAME—DEFENDANTS.**

A complaint by taxpayers against the officers of a city for 1899 alleged facts sufficient to constitute a cause of action under Laws 1892, c. 301, which authorizes the taxpayers of a city to maintain an action against its officers to prevent any illegal official act or waste, and to recover funds misappropriated, and also alleged a demand on the common council of 1900 that it should bring such action against the mayor and aldermen for 1899 when the illegal acts were committed, under a provision of the charter directing such action to be taken by a succeeding common council, and made the aldermen of 1900 parties defendant. *Held*, that this demand, and making the aldermen of 1900 defendants, should not overthrow plaintiffs' claim that the action is founded on chapter 301, since, while this demand and joinder of defendants might not be necessary in the action, it was, at most, surplusage.

**5. INJUNCTION—CITY OFFICERS—DEFENDANTS.**

In an action by taxpayers against the mayor and aldermen of a city, to restrain the payment of illegal claims against it, it is not only proper, but necessary, to join as defendants those other city officials who are intrusted with the power of paying claims.

Action by George M. Barnes and others against James K. McGuire and others. Motion for order requiring plaintiffs to state separately and number the several causes of action alleged in their complaint. Granted.

Charles P. Ryan, for the motion.
Ceylon H. Lewis, opposed.

HISCOCK, J. This action is brought by plaintiffs, as taxpayers of the city of Syracuse, seeking relief for the alleged illegal expenditure and misappropriation of funds of the city of Syracuse by the defendants or part of them. Independent of various formal allegations in regard to the status of the plaintiffs as taxpayers, the existence of the city of Syracuse as a municipal corporation, etc., it is in substance alleged and claimed in the complaint that in the year 1899 the defendant McGuire was mayor of the city, and the defendant Saunders and others were the board of aldermen of said city; that by the provisions of the charter of said city and by law said

mayor and common council during said year were authorized to expend certain specific sums and funds for certain specific purposes, and were forbidden to expend moneys or contract debts in excess of said amounts, and were forbidden to expend the moneys appropriated to one fund for purposes other than those to which such fund was by law appropriated; that, in violation of law and of said provisions of the charter, said defendants, composing the board of aldermen, or a majority of them, by action and resolution taken from time to time during the year 1899, contracted debts and authorized warrants to be drawn upon the various city funds in an amount aggregating over $300,000 in excess of what they were authorized to do; that, in addition, they caused to be transferred and devoted a large sum of money from one or more funds to other funds or purposes to which the sums so transferred were not applicable, in violation of law; that the defendant McGuire, as mayor, co-operated with said board of aldermen by wrongfully and illegally signing the resolutions by which to carry out and make effective the incurring of excessive debts and the illegal expenditure of the municipal funds; that most of the warrants drawn against said illegal appropriation of funds and for the payment of indebtedness illegally incurred have been paid, but some of them are still on hand unpaid, and in the control of various of the defendants other than said mayor and common council. It is further alleged that the defendant Haven, as corporation counsel of said city of Syracuse, under the alleged authority of certain statutes, has been making agreements with various persons holding some of the illegal claims hereinbefore mentioned, purporting to compromise the same for a mere nominal reduction, and that various of the defendants constituting the board of estimate and apportionment of said city have been giving their written approval to such purported compromises with reference to having said illegal claims paid. The complaint then, among other things, in effect seeks judgment determining the amount of illegal expenditures, payments, debts, and appropriations authorized or contracted by said common council and mayor during the year 1899; to have defendants, who have the power so to do, restrained and enjoined from paying any of said debts or warrants drawn therefor which are still unpaid; to have the defendant McGuire, as mayor, and the members of the board of aldermen, for so many illegal expenditures and payments outlined in said complaint as have already been made, held personally responsible; also to have said Haven and others held personally liable for so many of the said illegal debts as they have procured to be paid through the guise of a compromise.

The action is brought by plaintiffs under chapter 301, Laws 1892, ordinarily known as the "Taxpayers' Act." Independent of the claim for a personal judgment against the defendant Haven and the members of the board of estimate and apportionment for the amount of illegal claims caused by them to have been paid, and which I shall consider hereafter, the complaint seems to me to set forth a single, consistent cause of action, well within the limits and provisions of the act referred to. To summarize it even more briefly than I have done, it seeks an adjudication of this court that a large amount of in-

debtedness and claims was illegally incurred in the name of and against the city by all or some of the board of aldermen and the defendant McGuire as mayor; that some of those claims have already been paid, and some of them have not yet been paid; and it seeks to have payment of those yet unpaid restrained, and to hold the defendants in question personally liable for those that have been paid. The action proceeds against a certain class of claims, and it seeks the twofold relief which is appropriate accordingly as those illegal claims have or have not been paid. Wherever they have not been paid, it is asked that payment be enjoined. Where the other portion of them has been paid, it asks that the officials who have been responsible for such illegal expenditures be held personally liable. This twofold relief seems to be very clearly pointed out and comprehended by the provisions of the act referred to. That act, among other things, expressly provides as follows:

"In case the waste or injury complained of consists in any board, officer or agent in any * * * municipal corporation, by collusion or otherwise, contracting, auditing, allowing or paying, or conniving at the contracting, audit, allowance or payment of any fraudulent, illegal, unjust or inequitable claims, demands or expenses * * * against or by such * * * municipal corporation, * * * the court may, in its discretion, prohibit the payment or collection of any such claims, demands, expenses or judgments, in whole or in part, * * * and also may, in its discretion, adjudge and declare the colluding or defaulting official personally responsible therefor, and out of his property, and that of his bondsman, if any, provide for the collection or repayment thereof," etc.

This is an action in equity, and it is too well settled to require citation of authority that, when a court of equity has once obtained jurisdiction of a subject-matter, it will endeavor to render a judgment so framed and formed as to give adequate relief adapted to all of the features of the case before it. The relief sought upon the lines indicated above would not be unusual, or, as it seems to me, beyond the powers of a court of equity, especially in view of the provisions of the act quoted, and of the liability imposed upon the officials in question.

Because the complaint refers to various provisions of the charter, some of which provide remedies against the common council for misappropriating moneys or illegally contracting debts, it is urged by the moving defendant that this action is to be regarded as brought both under such provisions of the charter and under the taxpayers' act above referred to, and that it sets out twofold causes of action, and that, therefore, his motion should be granted. This does not seem to me to be so. The complaint, properly enough, recites the various provisions of the charter which limit the power of the mayor and aldermen to appropriate and use city funds, and to contract indebtedness, and which impose certain liabilities for a disregard of those provisions. Those provisions of the charter are properly referred to for the purpose of convicting the defendants of illegal acts. The taxpayers' act then comes in, and provides for a suit such as this by the taxpayers to obtain relief and redress against and for the acts pronounced by the charter to be illegal.

Reference is also made to the fact that plaintiffs' complaint sets

forth a demand upon the common council of and for the year 1900 that it should bring an action against the mayor and aldermen of and for the year 1899, when it is claimed that the illegal acts set forth in the complaint were committed under a provision of the charter authorizing and directing such action to be taken by a succeeding common council, and also to the fact that the aldermen of and for the year 1900 are joined as defendants. The facts referred to should not overthrow plaintiffs' claim that this action is founded upon the taxpayers' act. While this demand upon and joinder of the defendants constituting the common council for the year 1900 may not be necessary in this action, it is, at most, surplusage. It not only is not improper, but it is proper in various actions at equity for plaintiffs bringing an action to join as defendants those who would be proper parties to bring the action as plaintiffs, but who, after a demand, have refused so to do.

It is also urged that plaintiffs' complaint leads to and permits the inference that various causes of action are set forth in this respect; that certain aldermen have voted for one illegal misappropriation of funds or the contraction of one illegal debt, and that other defendant aldermen have voted for another one, etc. Without discussing what the effect of such allegations would be in the complaint, it may be said that they do not appear to be in this complaint. The allegations of the complaint, taken as a whole, charge united and common action by the mayor and board of aldermen, or part of them, and do not set forth different combinations, varying from time to time. It was not only appropriate, but necessary, as an incident to that part of the complaint which seeks to restrain the payment of illegal claims not yet paid, to join as defendants those city officials, outside of the mayor and aldermen, who are intrusted with the power of paying claims.

I am inclined to think that so much of the complaint as seeks a judgment against the defendant Haven and members of the board of estimate and apportionment personally, for procuring or causing the payment of alleged illegal claims through the form of a compromise, does set out a cause of action which should be separately stated. The acts and results complained of in that respect and the relief sought do not seem to me to be in line with the relief sought by the rest of the complaint, but rather to be separate and distinct therefrom. The plaintiffs, therefore, may prepare an amended complaint separating that cause of action from the other, or dropping out that particular branch of the action, as they may be advised.

Ordered accordingly.